LATHAM vs. McLAIN.

One who enters into the possession of land under a parol contract of purchase, but who has paid no part of the purchase money to the holder of the legal title, is not seized as against the latter and those claiming under him; and on the death of the person thus in possession, even after he has tendered the purchase money, his widow is not dowable of the land. Title to realty does not pass by purchase without an actual conveyance, so long as the agreed purchase money is unpaid. Tender is not payment.

Injunction. Dower. Tender. Before Judge BUCHANAN. Campbell county. At Chambers. September 29th, 1879.

Mrs. McLain filed her bill against Latham and the Atlanta & West Point Railroad Company, making, in brief, this case :

Her husband, lately deceased, on or about January 5, 1870, purchased from one Thompson, a lot in the town of Fairburn, with the improvements thereon, for $125.00. Thompson had never paid the railroad company for the lot. Such company owned many lots in the town of Fairburn, which it was anxious to dispose of. To facilitate the sale it appointed Cole its agent, with instructions to open a book, in which parties wishing lots might register their names, the description of the property and the price to be paid. On payment of such price the company agreed to make a deed. Thompson registered for the lot in controversy, the price named being $50.00. This was done in 1869. Thompson took possession and made valuable improvements, consisting of a livery stable worth $100.00, fencing $10.00, and also hauled logs for the purpose of erecting a house, of the value of $15.00. On the purchase by McLain, with the full knowledge and consent of the company, he took Thompson's place. He went into possession on or about January 5, 1870, and died on May 20th, following. Since his death, the lot and improvements have been set apart to complainant as a part of her dower, and the return of the commissioners has been made the judgment of the court. Her

husband, during his life, made a continuing tender of the purchase money to the company, but by neglect of the latter it failed to make a deed. Since his death complainant has made a continuing tender to the company and demanded a deed, but it declines to accept the money or to execute the deed, because Thompson has notified it that he claims the title. On July 31, 1874, the company executed a quit-claim deed to the lot and improvements to Thompson, and on the same day Thompson conveyed to Latham. The latter purchased with full notice of the right of her deceased husband and of her claim. Yet he has commenced his action for the lot and *mesne* profits against complainant, returnable to the February term, 1877, of Campbell superior court. This suit is unjust and vexatious, and should be enjoined. The deed made by the company to Thompson on July 31, 1874, is a cloud upon the title of the estate of her deceased husband and upon her title to her dower, and ought to be delivered up to be canceled. Thompson is insolvent. Prays that complainant's title may be established in accordance with the judgment of the court setting apart her dower; that Latham may be decreed to have no right to said lot; that the deed made by the company be ordered canceled, etc., and the action commenced by said Latham as aforesaid be enjoined.

On the hearing of the application for injunction the answer of Latham was read, affidavits, interrogatories and documentary evidence, all of which is omitted as irrelevant to the point decided.

The chancellor ordered the injunction to issue as prayed for. To this Latham excepted.

T. W. LATHAM, for plaintiff in error.

JOHN S. BIGBY, for defendant.

BLECKLEY, Justice.

In this state a widow is dowable of lands of which her husband died "seized and possessed." Code, §1763. The ordinary method of conveying land is by deed, signed by

the maker, etc. Code, §2690. Another method of acquiring legal seizin is by paying the purchase money in full, where a bond for titles or other written contract for sale and purchase has been entered into. So, title may be acquired by prescription. But entering into possession under a parol contract of purchase, without paying any part of the purchase money, will not give seizin as against the vendor and those claiming under him. And this is so, though the agreed purchase money be tendered. Mere tender of money does not operate as payment, nor work a transmutation of title. The money which the complainant's husband tendered to the railroad company remained his money, and if it was still on hand when he died, became assets of his estate. And if he owned the money at the time of his decease, he surely did not own the land also. The tender, together with the other facts, put him in a situation where he might have filed a bill for specific performance, and obliged the railroad company to invest him with title, but he did not pursue that course. He took no steps to strip off the title with which the company was clothed. The most that can be said is, that he died possessed of a right to become seized of the land by the appropriate proceeding in equity; and possibly, if· the right were now actually enforced by his executors, administrators or heirs at law, so as to render the land the property of the estate, fully and completely, the widow might be dowable of it on the doctrine of relation. But nothing has been done on this line. The railroad company has not been coerced to perform its contract, express or implied, with her husband, and no representative of the estate is a party to the present bill, nor are the heirs at law parties to it. The widow simply stands upon her claim as dowager, and seeks to resist her assailants by the support which a court of equity can give to that alone. The great fact that the title to the land has never been in her husband or in his estate is decisive against her bill, and she is not entitled to an injunction. The chancellor erred in granting it.

Judgment reversed.